UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE ATTORNEY'S OFFICE,

Plaintiff,

v. Case No. 8:26-cv-3439-JLB-AAS

FERNANDO GONZALEZ-ROMERO,

Defendant.
______________________________________/

**ORDER**

Mr. Gonzalez-Romero filed a *pro se* document titled "U.S.C. 28 sec 1442a Notice of Removal." (Doc. 1). He requests removal of his state criminal case to federal court. (*Id.*). Judicially noticed records from Hillsborough County Circuit Court reveal that an information charged Mr. Gonzalez-Romero with possession of a controlled substance, *State v. Gonzalez-Romero*, No. 26-CF-18357 (Fla. 13th Jud. Cir.). Mr. Gonzalez-Romero requests removal, contending that he is a federal law enforcement officer with the United States Department of State who was investigating a matter under "the Clean Air Act and the Trump administration's biological weapon drug stabilization and elimination order." (Doc. 1).

This Court reviews a notice of removal for sufficiency. 28 U.S.C. § 1455(b)(4) ("The United States district court in which such notice is filed shall

examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.”). Under 28 U.S.C. § 1442(a)(1), a defendant may remove a state prosecution to a federal district court as follows:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

“The federal-officer removal statute protects an officer of the United States from having to answer for his official conduct in a state court.” *State v. Meadows*, 88 F.4th 1331, 1338 (11th Cir. 2023). “Section 1442(a)(1) provides a right of removal to federal court if a defendant proves that he is a federal officer, his conduct underlying the suit was performed under color of federal office, and he has a ‘colorable’ federal defense.” *Meadows*, 88 F.4th at 1338.

Mr. Gonzalez-Romero has not met these requirements. He provides no

evidence supporting his allegation that he is an officer with the Department of State. Even if he did make this showing, he has not alleged facts showing that the state criminal charge of possession of a controlled substance is "for or relating to" an act under color of such office. *See* § 1442(a)(1); *Chevron USA Inc. v. Plaquemines Parish*, 608 U.S. 1, 6 (2026). Finally, Gonzalez-Romero does not allege a colorable federal defense. Thus, he fails to show that removal to the district court under section 1442(a)(1) is warranted.

Accordingly, the Clerk is **DIRECTED** to **REMAND** this case to the Circuit Court of the Thirteenth Judicial Circuit in Hillsborough County, Florida, to **TERMINATE** any pending motions, and to **CLOSE** this case.

**DONE and ORDERED in Tampa, Florida, on November 13, 2026.**

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE